ROB BONTA
Attorney General of California
JESSICA R. MAREK
Supervising Deputy Attorney General
PARRY A. BLACK, State Bar No. 291472
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3366
Fax: (415) 703-1107
E-mail: Parry.Black@doj.ca.gov
*Attorneys for Defendants Governor Gavin Newsom and Attorney General Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARRED FARRELL NORMAN,**<br><br>Plaintiff,<br><br>**v.**<br><br>**U.S. DEPARTMENT OF JUSTICE, ATTORNEY GENERAL PAMELA BONDI, THE FEDERAL BUREAU OF INVESTIGATION FEDERAL AGENT (COACH) JOHN DOE, BKA HELICOPTERMAN, THE UNITED STATES FEDERAL DISTRICT COURT JUDGE RICHARD SEEBORG, GOVERNOR GAVIN NEWSOM, THE CALIFORNIA DEPARTMENT OF JUSTICE ATTORNEY GENERAL ROB BONTA, THE LSC CORPORATION, THE STATE BAR OF CALIFORNIA (SBOC) LAWYER REFERRAL SERVICE, THE LOS ANGELES COUNTY BAR ASSOCIATION SMARTLAW/LAWYER REFERRAL SERVICE, THE BAR ASSOCIATION OF SAN FRANCISCO LAWYER REFERRAL SERVICE, THE ALAMEDA COUNTY BAR ASSOCIATION LAWYER REFERRAL SERVICE, LAWYER COMMITTEE FOR CIVIL RIGHTS LAWYER REFERRAL SERVICE, SACRAMENTO COUNTY BAR ASSOCIATION, CONTRA COSTA COUNTY LAWYER REFERRAL SERVICE, SANTA CLARA COUNTY** | 3:26-cv-4949-LJC<br><br>**MOTION TO DISMISS COMPLAINT**<br><br>Date: August 4, 2026<br>Time: 10:30 a.m.<br>Courtroom: G<br>Judge: The Honorable Lisa J. Cisneros<br>Trial Date: none set<br>Action Filed: May 26, 2026 |

**BAR ASSOCIATION,**

Defendants.

**TO PLAINTIFF GARRED FARRELL NORMAN**

**PLEASE TAKE NOTICE** that the motion to dismiss Plaintiff's May 26, 2026 Complaint brought by moving parties, Defendants Gavin Newsom, Governor of California, and Rob Bonta, Attorney General of the State of California, is set for hearing on August 4, 2026, at 10:30 a.m., before the Honorable Magistrate Judge Lisa J. Cisneros, in Courtroom G, located on the 15th floor of 450 Golden Gate Avenue, San Francisco, CA 94102. The motion to dismiss is brought on the grounds that the Complaint fails to state a viable claim under Federal Rules of Civil Procedure Rule 12(b)(6) and is barred by the Eleventh Amendment.

**PLEASE TAKE FURTHER NOTICE** that under Local Rule 7-3(a), Plaintiff has fourteen (14) days from the date of this Motion's filing to file and serve an opposition or statement of non-opposition to Defendants' motion to dismiss. Failure to file an opposition or to file a statement of non-opposition may be deemed a waiver of any opposition to the granting of the motion.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the pleadings, the records, and files in this action, and such other matters as may properly come before the Court.

**CERTIFICATION OF COUNSEL:** Pursuant to Judge Cisneros' Civil Standing Order (E)(1), undersigned counsel certifies that she had attempted to meet and confer regarding this motion with Plaintiff, who is proceeding pro per.

Dated: June 18, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JESSICA R. MAREK
Supervising Deputy Attorney General

***/s/ Parry A. Black***
PARRY A. BLACK
Deputy Attorney General
*Attorneys for Defendants Governor Gavin Newsom and Attorney General Rob Bonta*

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Garred Farrell Norman filed a Complaint on May 26, 2026 which names fourteen public figures as defendants, among them United States Attorney General Pam Bondi, California Governor Gavin Newsom, California Attorney General Rob Bonta, a number of named and unnamed agents of the Federal Bureau of Investigation (FBI), Chief District Court Judge Richard Seeborg, and the heads of several bar associations and/or their attorney referral services. He brings six of causes of action (right to due process of law – liberty right to hire an attorney; equal protection clause – equal right to hire an attorney; conspiracy to interfere with civil rights – right to hire an attorney; fraud upon the court – right to hire an attorney; conspiracy to obstruct justice – right to hire an attorney; and intentional infliction of emotional distress – right to hire an attorney), each asserted against all defendants and purportedly arising under 42 U.S.C. section 1983 or otherwise titled as civil rights violations, and seeks injunctive relief in the form of an order directing defendants to stop discriminating against him.

Defendants Governor Gavin Newsom (Governor Newsom) and Attorney General Rob Bonta (AG Bonta) bring this Motion to Dismiss on the grounds that: 1) the causes of actions are beyond all applicable statutes of limitations; 2) any causes of action brought under state law are barred for failure to submit a government claim; 3) Governor Newsom and AG Bonta are entitled to Eleventh Amendment immunity to the extent they are sued in their official capacities; and 4) any claims brought against Governor Newsom or AG Bonta in their individual capacities fail to state a claim under Federal Rule 12(b)(6).

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he has been persecuted by law enforcement officers and other entities since the time he was a child. ECF No. 1 (Complaint), p. 10-12. In particular, he describes having been interrogated regarding a crime which he did not commit, and having been subject to false criminal charges. *Id.* at p. 7-8. He reports that the law enforcement officers involved in this incident as including a "Federal Agent named Ron," "[FBi] [sic] Agent Phillip Jefferson and [FBi] [sic] Agent Larry Camez." *Id.* at p. 9:1-28. Following this incident, Plaintiff alleges that he

has attempted to hire an attorney but has been prevented from doing so by FBI Agent Coach John Doe, among others. *Id.* at p. 10:17-11:3. Plaintiff is plainly requesting an attorney to assist him in civil matters, and not in a criminal defense context. *Id.* at 5:7-11, 8:16-22. Additionally, Plaintiff alleges that he has requested assistance in retaining an attorney from the American Bar Association, the State Bar of California, Legal Aid of Los Angeles, the Justice and Diversity Program of the District Court for the Northern District of California, and the bar associations of Alameda, Santa Clara, Contra Costs, San Francisco, and Sacramento counties. *Id*. at 11:17-27. He states that he paid referral fees to three of the bar associations but has only received referrals to FBI agents posing as attorneys who "have been clandestinely working out of the California State Bar Association against Plaintiff for decades." *Id.* at 11:23-27.

Plaintiff alleges that he "visited the Governor's office several times to submit documents … and to receive support to hire an Attorney." Complaint p. 16:12-14. He further states that, while present in the office building, that he was harassed and assaulted by officers of the California Highway Patrol, who treated him with disrespect. *Id.* at 16:12-22. Plaintiff asserts that these actions were a denial of his "right to seek support from the Governor's office of California." *Id.* at 16:19-22.

Plaintiff alleges that he submitted complaints regarding the above-described criminal investigation to AG Bonta "for the past six years" and requested that an attorney be hired for him. Complaint p. 17:3-6. He alleges that AG Bonta, via employees of the California Department of Justice, which he administers, violated his constitutional rights by failing to respond to these requests. *Id*. at 17:6-9. Additionally, Plaintiff alleges that he was present at the Sacramento office of the California Department of Justice when he was asked to leave the lobby by members of the Sacramento Police Department who had been called by AG Bonta and/or his employees. *Id.* at 17:8-11.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990). The Court need not accept as true

conclusionary allegations, unreasonable inferences, legal characterizations or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994). A complaint must therefore contain allegations with respect to each material element necessary to establish a right to relief that is above the speculative level; a formulaic recitation of a cause of action's elements is inadequate. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Car Carriers, Inc. v. Ford Motor Company*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Moreover, "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) (quoting *Twombly* 550 U.S. at 556 n.3). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[']" does not satisfy Rule 8's pleading requirements." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation...A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'...Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-679. Accordingly:

> [T]o be entitled to the presumption of truth, allegations in a complaint ... may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts ... the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Eclectic Prop.'s East, LLC v. Marcus & Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014). "Twombly and Iqbal...distilled to their essence, impose two requirements. First, the reviewing court...is not required to credit legal conclusions...Second, the complaint cannot survive a motion to dismiss unless it alleges facts that plausibly (not merely conceivably) entitle plaintiff to relief." *Maya v. Centex Corp.,* 658 F.3d 1060, 1067-1068 (9th Cir. 2011); *Chavez v. U.S.,* 683 F.3d 1102, 1109 (9th Cir. 2012).

/ / /

With respect to Plaintiff's state law claims, since all governmental tort liability in California is based on statute, all causes of action directed against public entities must be pleaded with particularity. *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1183 (2003). California Government Code Section 951 requires that a case brought against a publicly appointed state officer in his individual capacity, such as Defendants Governor Newsom and Attorney General Bonta, be pled with specificity.

Plaintiff bears the burden of establishing the statutory basis for liability. *Mittenhuber v. City of Redondo Beach*, 142 Cal.App.3d 1, 5 (1983). Every element of the statutory basis for liability must be alleged with enough detailed facts to support an inference that each element has been satisfied. *Lopez v. Southern Cal. Rapid Transit Dist.*, 40 Cal.3d 780, 796 (1985); *Susman v. City of Los Angeles*, 269 Cal.App.2d 803, 809 (1969).

To serve the legislative purpose of protecting public entities from the expense of litigating meritless claims, the plaintiff bears a burden of investigation sufficient to establish a basis for reasonable belief that all elements of each asserted cause of action exist. *Knight v. City of Capitola*, 4 Cal.App.4th 918, 933-934 (1992).

## ARGUMENT

### I. ALL CAUSES OF ACTION ARE BEYOND THEIR APPLICABLE STATUTE OF LIMITATIONS PERIOD AND THE ACTION IS ENTIRELY TIME-BARRED

The statute of limitations applicable to a 42 U.S.C. section 1983 claim is based on the forum state's statute of limitations for personal injury torts. *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004) (applying California's statute of limitations to a section 1983 claim.) In California, the statute of limitations for personal-injury actions is two years. Cal. Civ. Proc. Code § 335.1; *Maldonado*, 370 F.3d at 954. A claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his suit. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Where the expiration of a statute of limitations is evident on the face of a complaint, a claim may be dismissed as untimely. *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 914 (E.D. Cal. 2017) (quoting *Ritchie v. United States*, 210 F.Supp.2d 1120, 1123 (N.D. Cal. 2002) ("Where the

facts and dates alleged in a complaint demonstrate that the complaint is barred by the statute of limitations, a Federal Rule of Civil Procedure 12(b)(6) motion should be granted.").

Plaintiff states that he has been petitioning Governor Newsom, his office, AG Bonta and/or the California Department of Justice for the past six years. Complaint p. 16:4-17:-5. He does not further identify a time frame for when either Governor Newsom or AG Bonta allegedly violated his civil rights, including when the alleged incidents in the lobbies of State buildings occurred. His lawsuit is therefore time-barred and must be dismissed on this basis.

## II. PLAINTIFF'S FAILURE TO SUBMIT GOVERNMENT TORT CLAIMS PREVENTS HIM FROM ASSERTING STATE LAW CAUSES OF ACTION

Compliance with the Government Claims Act claims presentation requirement is an essential prerequisite to maintain a suit for money damages against a public entity under California law. Gov. Code, § 945.4. A person seeking to sue a public entity for money damages must first present a government claim to the Government Claims Board. Gov. Code, § 905.2; Gov. Code, § 915, subd. (b). Government Code, section 911.2, requires a claimant to file a government claim within six months of the accrual of a cause of action. Failure to present a government claim to the Government Claims Board within the timely presentation period bars a claimant from filing a lawsuit against the public entity or public employee. Gov. Code, § 945.4; *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239 (2004); *Neal v. Gatlin*, 35 Cal.App.3d 871, 878 (1973).

Nowhere in the Complaint does Plaintiff allege that any tort claim was presented to Governor Newsom or AG Bonta, let alone timely claims. In addition to dismissal for failure to comply with applicable statutes of limitations, to the extent Plaintiff is asserting any cause of action arising under state law, the Complaint should be dismissed for failure to contain this essential element of a lawsuit against a California public entity or its employees.

/ / /

/ / /

/ / /

## III. The Eleventh Amendment Bars Claims against Governor Newsom and AG Bonta in Their Official Capacities

### *a. Claims for money damages*

Under the Eleventh Amendment, a nonconsenting state, such as the State of California, is immune to a suit for damages brought in federal court by its own citizens as well as by citizens of another state. *Californians for Renewable Energy v. California Pub. Utilities Comm'n*, 922 F.3d 929, 941 (9th Cir. 2019) (citing *Edelman v. Jordan*, 415 U.S. 651, 677-678 (1974)). "[S]tate officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69, n.24 (1997).

The application of an Eleventh Amendment defense is a jurisdictional question. *Edelman*, 415 U.S. at 662-663. The Eleventh Amendment is an expression of the sovereign immunity enjoyed by the states, and it is absolute unless the state has expressly and unequivocally waived its immunity. *Doe by Gonzales v. Maher*, 793 F.2d 1470, 1493-1494 (9th Cir. 1986). No such waiver of immunity applies here.

While Congress could abrogate the Eleventh Amendment immunity, it has not done so for cases brought under 42 U.S.C. section 1983. *Kentucky v. Graham*, 473 U.S. 159, 169 n. 17 (1985); *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The Eleventh Amendment also "bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court." *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540-41 (2002); *Corales v. Bennett*, 567 F.3d 554, 573 (9th Cir. 2009) (affirming district court ruling that "state civil rights claims" against state entity are barred by Eleventh Amendment immunity).

Further, to the extent Plaintiff asserts claims against the State as an entity, either via the Governor's Office or the California Department of Justice, any theory of municipal liability under section 1983 applies only to cities and counties, which are persons under section 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978); *Delia v. City of Rialto*, 621 F.3d 1069, 1081 (9th Cir. 2010). The *Monell* doctrine does not extend to state governments. *Peralta v. Dillard*, 744 F.3d 1076, 1084 (9th Cir. 2014).

/ / /

***b. Claims for injunctive relief***

"A plaintiff seeking a preliminary injunction must establish that [1] he is likely to succeed on the merits, that [2] he is likely to suffer irreparable harm in the absence of preliminary relief, that [3] the balance of equities tips in his favor, and that [4] an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, Plaintiff requests an order "directing Defendants to stop discriminating against" him, to "cease and desist and refrain from interfering with" his rights, and to stop "engaging in the discriminatory policies, practices and conduct complained of herein." Complaint p. 33:3-34:3. Plaintiff has alleged that he would suffer irreparable harm in the absence of an injunction, but there are no allegations within his claim for injunctive relief or elsewhere in his Complaint regarding the impact of his lawsuit on society at large. He therefore cannot show the fourth element – that an injunction is in the public interest – and his claim for injunctive relief is facially incognizable. To the extent Plaintiff asserts a claim against either Governor Newsom or AG Bonta in their official capacities for injunctive relief, this is not barred by the Eleventh Amendment, but it must be dismissed for failure to state a claim.

## IV. PLAINTIFF'S CIVIL RIGHTS CAUSES OF ACTION FAIL TO STATE A CLAIM

To properly plead any claim under 42 U.S.C. section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiffs, in other words, must demonstrate that the defendants they have named in their lawsuit caused them injury. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury"). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). This requires more in the way of factual allegations than an inference that there must have been negligence because a harmful result occurred – a complaint must nudge a plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

/ / /

With respect to individual defendants, "section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (9th Cir. 1996); *see also Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018). The plaintiff must show that the defendant's unconstitutional conduct was the actual and proximate cause of the plaintiff's injuries. *White v. Roper*, 901 F.2d 1501, 1501-1506 (9th Cir. 1990). Vicarious liability is inapplicable in section 1983 actions, and plaintiff must show that each defendant, through their own individual actions, violated the constitution. *Iqbal,* 556 U.S. at 676; *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 78 (9th Cir. 1997).

To adequately plead a claim against an individual defendant under 42 U.S.C. section 1983, a plaintiff must satisfy the "linkage requirement"— meaning that each named Defendant be linked with something they personally did to violate a constitutional right. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004); *Scalia v. Cnty. of Kern*, 308 F. Supp. 3d 1064, 1072 (E.D. Cal. 2018) A plaintiff cannot hold a defendant liable "because of his membership in a group without a showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002), *citing Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). A defendant cannot be held liable under Section 1983 based on a "team effort" theory, which "lump[s] all the defendants together, rather than requir[ing] [plaintiff] to base each individual's liability on his own conduct." *Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009), *citing Chuman*, 76 F.3d at 295.

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused the constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Causation is found if a defendant "does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do" and that act or omission causes a deprivation of rights. Manual of Model Civil Jury Instructions for the Ninth Circuit 9.2 Comment (quoting *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012)).

/ / /

The Complaint does not describe any action taken personally by either Governor Newsom or AG Bonta. Therefore, any potential liability either Defendant faces in his individual capacity under 42 U.S.C. section 1983 would be via a showing of conspiracy. To adequately allege conspiracy in the 42 U.S.C. section 1983 context, there must also be an underlying constitutional violation; "conspiracy is not itself a tort under § 1983." *Lacey v. Maricopa County,* 693 F.3d 896, 935 (9th Cir.2012). Consultation and information sharing among law enforcement officers does not suffice to state a claim for conspiracy. *O'Handley v. Weber*, 62 F.4th 1145, 1160 (9th Cir. 2023)

The only allegations in the Complaint against Governor Newsom are that he has the executive authority to sign bills into law or veto legislation, that he oversees State agencies, and manages the State budget. Complaint p. 16:6-11. Similarly, the Complaint only alleges that AG Bonta leads the California Department of Justice, an arm of the State which enforces state laws and which collaborates with other law enforcement agencies. *Id.* at 16:23-17:2. There are no allegations regarding what affirmative acts or omissions either Defendant himself personally committed that violated Plaintiff's civil rights. These causes of action should be dismissed accordingly.

## CONCLUSION

For the reasons set forth above, Defendants Governor Newsom and AG Bonta respectfully request to be dismissed from this action.

Dated: June 18, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JESSICA R. MAREK
Supervising Deputy Attorney General

***/s/ Parry A. Black***
PARRY A. BLACK
Deputy Attorney General
*Attorneys for Defendants Governor Gavin Newsom and Attorney General Rob Bonta*

SF2026900438 / 45117767