ELLIN DAVTYAN (238608)
General Counsel
KIRSTEN GALLER (227171)
Deputy General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles, CA 90017
Tel.: (213) 765-1000
Fax: (415) 538-2321

RAYMOND R. ROLLAN (304548)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2000
Fax: (415) 538-2321
Email: raymond.rollan@calbar.ca.gov

Attorneys for Defendant,
LEAH WILSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRED F. NORMAN, as an individual,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF JUSTICE.ATTORNEY GENERAL PAMELA BONDI, sued in her official capacity and as an individual, et al.,<br><br>Defendants. | Case No.: 4:26-cv-04949-AMO<br><br>**DEFENDANT LEAH WILSON'S MOTION TO DISMISS PLAINTIFF GARRED F. NORMAN'S COMPLAINT**<br><br>Date: August 20, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Araceli Martínez-Olguín<br>Courtroom: 10 |

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO PLAINTIFF IN PRO PER:**

**PLEASE TAKE NOTICE** that on August 20, 2026 at 2:00 p.m., or in such other time as the matter may be heard, before the Honorable Hon. Araceli Martínez-Olguín, in Courtroom 10 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Leah Wilson ("Wilson") will, and hereby does, move the Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for an order dismissing the Complaint of Plaintiff Garred Norman without leave to amend. This motion is based upon the following grounds:

First, this Court lacks subject matter jurisdiction over Norman's claims against Wilson in her official capacity due to the State Bar's sovereign immunity. In addition, Norman's delusional and fantastical claims are so insubstantial that they do not confer subject matter jurisdiction. And Norman has failed to sufficiently demonstrate Article III standing.

Second, Norman fails to state a plausible claim for relief. Indeed, because he is seeking to relitigate issues considered and decided against him by courts in this district, this suit is squarely barred by res judicata. Even if he could surpass this hurdle, Norman's claims under 42 U.S.C. §§ 1983 and 1985 independently fail on the merits because he does not allege sufficient facts demonstrating that Wilson violated his constitutional rights, let alone conspired with others to deprive him of such rights. Furthermore, Norman's state law claims for intentional fraud and intentional infliction of emotional distress all fail as a matter of law.

Third, Norman's request for punitive damages should be dismissed.

This motion is based on this Notice of Motion and Motion to Dismiss, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and oral argument as may be presented before the Court takes this matter under submission.

//

//

//

//

Dated: June 22, 2026

STATE BAR OF CALIFORNIA
OFFICE OF THE GENERAL COUNSEL

By: *__/s/ RAYMOND R. ROLLAN__*
RAYMOND R. ROLLAN

Assistant General Counsel
Attorneys for Defendant,
LEAH WILSON

## TABLE OF CONTENTS

I. INTRODUCTION ........ 12

II. FACTUAL BACKGROUND ........ 13

A. The State Bar of California Is the Administrative Arm of the California Supreme Court in Matters of Attorney Licensing and Discipline ........ 13

B. Norman's Failed Northern District of California Lawsuits ........ 14

C. Norman's Claims Against Wilson and the Filing of this Lawsuit ........ 15

III. LEGAL STANDARD ........ 17

A. Federal Rule of Civil Procedure 12(b)(1) ........ 17

B. Federal Rule of Civil Procedure 12(b)(6) ........ 17

IV. ARGUMENT ........ 19

A. The Complaint Should Be Dismissed Without Leave to Amend Under Federal Rule of Civil Procedure 12(b)(1) Because This Court Lacks Subject Matter Jurisdiction ........ 19

1. The State Bar Is Entitled to Sovereign Immunity ........ 19

2. Norman's Delusional and Fantastical Claims Are So Insubstantial Such That They Do Not Confer Subject Matter Jurisdiction ........ 20

3. Norman Fails to Meet Article III Standing Requirements ........ 21

B. Norman's Claims Fail Because They Lack Any Factual Support and Fail to State a Proper Claim Under Federal Rule of Civil Procedure 12(b)(6) ........ 22

1. Res Judicata Summarily Foreclose Norman's Claims ........ 22

2. Norman's Claims Under 42 U.S.C. § 1983 Are Meritless ........ 24

a. Norman Fails to Establish a Due Process Violation Under the Fifth and Fourteenth Amendments ........ 26

b. Norman Also Fails to Allege an Equal Protection Violation ........ 27

3. Norman's 42 U.S.C. § 1985 Claims Are Equally Futile ........ 27

4. Norman's State-Law Claims Must Also Be Dismissed ........ 29

a. The California Government Claims Act Bars Norman's State-Law Claims ........ 29

b. Norman's Fraud on the Court Claim Is Without Merit ................30
c. Norman's State Law IIED Claim Also Fails ................................31
d. State Bar Immunities Preclude Norman's State-Law Claims ......31
5. Norman's Request for Punitive Damages Is Improper.............................32
C. Dismissal Without Leave to Amend Is Proper .....................................................33
V. CONCLUSION ..........................................................................................................34

## TABLE OF AUTHORITIES

**Cases**


*Al Zeiny v. United States*
2020 WL 496076 (N.D. Cal. Jan. 30, 2020) ....................20

*Albright v. Oliver*
510 U.S. 266 (1994) ....................25

*American Mfrs. Mut. Ins. Co. v. Sullivan*
526 U.S. 40 (1999) ....................25

*Anderson v. Babbitt*
230 F.3d 1158 (9th Cir. 2000) ....................27

*Anderson v. Fed. Express Corp.*
2025 WL 1735730 (N.D. Cal. June 23, 2025) ....................18

*Ascon Properties, Inc. v. Mobil Oil Co.*,
866 F.2d 1149 (9th Cir. 1989) ....................33

*Ashcroft v. al-Kidd*
297 F.3d 930 (9th Cir. 2002) ....................26

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ....................17, 18, 25

*Ashelman v. Pope*
793 F.2d 1072 (9th Cir. 1986) ....................25

*Bacon v. Woodward*
104 F. 4th 744 (9th Cir. 2024) ....................33

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ....................17, 18

*Beluca Ventures LLC v. Einride Aktiebolag*,
2022 WL 17252589 (N.D. Cal. Nov. 28, 2022) ....................18

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995) ....................33

*Breck v. Doyle*,
796 F. App’x 333 (9th Cir. 2019) ....................19

*Caldeira v. County of Kauai*
866 F.2d 1175 (9th Cir. 1989) ....................28

*California Rest. Mgmt. Sys. v. City of San Diego*
195 Cal. App. 4th 1581 (2011) ....................29

*Chaset v. Fleer/Skybox Int'l*
300 F.3d 1083 (9th Cir. 2002)....................18, 33

*Cholla Ready Mix, Inc. v. Civish*,
382 F.3d 969 (9th Cir. 2004)....................19

*Cooper v. Pickett*
137 F.3d 616 (9th Cir. 1997)....................30

*Davis v. Powell*
901 F. Supp. 2d 1196 (S.D. Cal. 2012)....................27, 28

*DiCampli-Mintz v. Cnty. of Santa Clara*
55 Cal. 4th 983 (2012)....................30

*Douglas v. California Dep't of Youth Auth.*,
271 F.3d 812 (9th Cir. 2001)....................19

*Drawsand v. F.F. Props., L.L.P.*
866 F. Supp. 2d 1110 (N.D. Cal. 2011)....................29

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*
751 F.3d 990 (9th Cir. 2014)....................18

*Engel v. McCloskey*
92 Cal. App. 3d 870 (1979)....................32

*FDA v. All. for Hippocratic Med.*
602 U.S. 367 (2024)....................22

*Felarca v. Birgeneau*
891 F.3d 809 (9th Cir. 2018)....................25

*Fletcher v. Western National Life Ins. Co.*
10 Cal. App. 3d 376 (1970)....................31

*Foster v. Carter*
2016 WL 7852472 (N.D. Cal. Dec. 1, 2016)....................20, 21, 34

*Galette v. New Jersy Transit Corp.*
146 S. Ct. 854 (2026)....................19

*Gompper v. VISX, Inc.*,
298 F.3d 893 (9th Cir. 2002)....................33

*Grant v. Carns*
2022 WL 4775890 (N.D. Cal. Sept. 30, 2022)....................21

*Griffin v. Breckenridge*
403 U.S. 88 (1971)....................28

*Hagans v. Lavine*
415 U.S. 528 (1974) ....................................................................................20

*Howlett By and Through Howlett v. Rose*
496 U.S. 356 (1990) ....................................................................................24

*Hoye v. Sullivan*
985 F.2d 990 (9th Cir. 1993)..........................................................................27

*Hunter v. Citibank*
2011 WL 7462143 (N.D. Cal. May 5, 2011) .....................................................26

*In re Gottheiner*
703 F.2d 1136 (9th Cir. 1983)........................................................................24

*In re Rose*
22 Cal. 4th 430 (2000)....................................................................................13

*Ivey v. Bd. of Regents of the Univ. of Alaska*
673 F.2d 266 (9th Cir. 1982)..........................................................................25

*Jones v. Williams*
297 F.3d 930 (9th Cir. 2002)..........................................................................25

*Karim-Panahi v. Los Angeles Police Dep't.*
839 F.2d 621 (9th Cir. 1988)..........................................................................27

*Kearns v. Ford Motor Co.*
567 F.3d 1120 (9th Cir. 2009)........................................................................30

*Kentucky v. Graham*
473 U.S. 159 (1985) ....................................................................................27

*Kohn v. State Bar of California*
87 F. 4th 1023 (9th Cir. 2023)........................................................................19

*Kokkonen v. Guardian Life Ins. Co. of Am.*
511 U.S. 375 (1994) ....................................................................................17

*Marolda v. Symantec Corp.*
672 F. Supp. 2d 992 (N.D. Cal. 2009)..............................................................30

*Maya v. Centex Corp.*
658 F.3d 1060 (9th Cir. 2011)..................................................................21, 22

*Miller v. California*
355 F.3d 1172 (9th Cir. 2004)........................................................................28

*Miller v. Rykoff-Sexton, Inc.*,
845 F.2d 209 (9th Cir. 1998)..........................................................................33

*Monteiro v. Tempe Union High School Dist.*
158 F.3d 1022 (9th Cir. 1998) .......... 27

*Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*
858 F.2d 1376 (9th Cir. 1988), cert. denied, 488 U.S. 1006 (1989) .......... 17

*Newland v. Dalton*,
81 F.3d 904 (9th Cir. 1996) .......... 33

*Nnachi v. City of San Francisco*
WL 3398545 (N.D. Cal. Aug. 27, 2010), *aff'd*, 467 Fed. Appx. 644 (9th Cir. 2012) .......... 24

*Norman v. Garland*
WL 6840864 (N.D. Cal. Jan. 16, 2024) .......... 12, 15, 23

*O'Connor v. State of Nev.*,
686 F.2d 749 (9th Cir. 1982) .......... 19

*Okun v. Morton*
203 Cal. App. 3d 805 (Ct. App. 1988) .......... 30

*Ou-Young v. Rudy*
2022 WL 2343043 (N.D. Cal. June 29, 2022) .......... 20, 21

*Owens v. Kaiser Found. Health Plan, Inc.*
244 F.3d 708 (9th Cir. 2001) .......... 23

*Pedrina v. Chun*
97 F.3d 1296 (9th Cir. 1996) .......... 24

*Pena v. Gardner*,
976 F.2d 469 (9th Cir. 1992) .......... 20

*Pennhurst State Sch. & Hosp. v. Halderman*,
465 U.S. 89 (1984) .......... 19

*Progressive Sols., Inc. v. Stanley*
2017 WL 8294287 (N.D. Cal. Dec. 12, 2017) .......... 30

*Randall v. Comm'r IRS*
2024 WL 5378334 (N.D. Cal. Dec. 2, 2024) .......... 20

*Rosenthal v. Vogt*
229 Cal. App. 3d 69 (1991) .......... 32

*Rubenstein v. Doe No. 1*
3 Cal. 5th 903 (2017), *as modified on denial of reh'g* (Nov. 1, 2017) .......... 30

*Safe Air for Everyone v. Meyer*
373 F.3d 1035 (9th Cir. 2004) .......... 17

*Savage v. Glendale Union High Sch.*,
343 F.3d 1036 (9th Cir. 2003) ........ 17

*Scott v. Breeland*,
792 F.2d 925 (9th Cir. 1986) ........ 17

*Scott v. Pasadena Unified Sch. Dist.*
306 F.3d 646 (9th Cir. 2002) ........ 29

*Sever v. Alaska Pulp Corp.*
978 F.2d 1529 (9th Cir. 1992) ........ 28

*Shooter v. Arizona*
4 F. 4th 955 (9th Cir. 2021) ........ 27

*Smith v. Wade*
461 U.S. 30 (1983) ........ 32

*State v. Superior Court*
32 Cal. 4th 1234 (2004) ........ 30

*Steel Co. v. Citizens for a Better Env't*
523 U.S. 83 (1998) ........ 17, 20

*Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*
322 F.3d 1064 (9th Cir. 2003) ........ 23, 24

*Turner v. Rogers*
564 U.S. 431 (2011) ........ 26

*Turtle Island Restoration Network v. U.S. Dep't of State*
673 F.3d 914 (9th Cir. 2012) ........ 23

*United States v. Chem. Founds., Inc.*
272 U.S. 1 (1926) ........ 20

*Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens,*
529 U.S. 765 (2000) ........ 32

*Whitaker v. Tesla Motors, Inc.*
985 F.3d 1173 (9th Cir. 2021) ........ 17

*White v. Lee*
227 F.3d 1214 (9th Cir. 2000) ........ 21

*Whittlestone, Inc. v. Handi-Craft Co.*,
618 F.3d 970 (9th Cir. 2010) ........ 18

*WildEarth Guardians v. U.S. Forest Serv.*
70 F. 4th 1212 (9th Cir. 2023) ........ 22

*Will v. Michigan Dep't of State Police*
491 U.S. 58 (1989) .....25, 32

*Willis v. City of Carlsbad*
48 Cal. App. 5th 1104 (2020) .....29

**Statutes**

28 U.S.C. § 1915 .....12

42 U.S.C. § 1983 .....passim

42 U.S.C. § 1985 .....passim

Cal. Bus. & Prof. Code § 6001 .....13

Cal. Bus. & Prof. Code § 6155 .....13

Cal. Bus. & Prof. Code § 6156 .....13

Fed. R. Civ. P. 8 .....18

Fed. R. Civ. P. 12 .....17, 18, 22

Fed. R. Civ. P. 60 .....31

Gov. Code, § 815.2 .....31

Gov. Code, § 818.4 .....32

Gov. Code, § 821.2 .....32

**Constitutional Provisions**

Cal. Const., art. VI, § 9 .....13

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Over the past eight years, *pro se* plaintiff Garred Norman has repeatedly and unsuccessfully endeavored to sue in this district various individuals and organizations, including the State Bar of California ("State Bar"), alleging a fantastical story involving conspiracy, false accusations of murder, and entrapment by the Federal Bureau of Investigation ("FBI"). In four of those actions, Norman sued the State Bar or its agents, asserting as he does in the instant Complaint, that it violated his constitutional rights by denying him access to legal representation. Because Norman proceeded *in forma pauperis* in those actions, the district court screened his complaints pursuant to 28 U.S.C. § 1915(e)(2)(B), and issued dismissal orders on the basis that Norman's allegations were frivolous—overly vague and conclusory to state any plausible claim and fanciful—and as such failed to state a claim upon which relief can be granted. Indeed, in *Norman v. State Bar of California*, *et al.*, No. 22-cv-02390-MMC-AGT, Dkt. 7 (N.D. Cal. July 21, 2023), the district court held that Norman's claims against the State Bar predicated on denial of counsel are barred under res judicata because they were previously dismissed with prejudice in *Norman v. State Bar of California et al.*, No. 20-cv-01042-VC, Dkt. 11 (N.D. Cal. July 25, 2020). And in *Norman v. Garland*, No. 23-CV-05783-JST-LJC, 2024 WL 6840864, at *1 (N.D. Cal. Jan. 16, 2024), the district court characterized Norman's claims as "delusional" and dismissed the action on the basis of implausibility. Entirely ignoring these prior dismissals and in an apparent attempt to circumvent 28 U.S.C. § 1915 screening by paying his filing fees, Norman has filed the instant Complaint, which includes a request for a preliminary injunction, suing among other defendants, former State Bar Executive Director Leah Wilson in her individual and official capacities ("Wilson"), asserting the same claims and theories he raised against the State Bar in his prior failed actions. Indeed, besides naming Wilson as a defendant, Norman's Complaint otherwise presents no new factual allegations against the State Bar.

For multiple independently dispositive reasons, dismissal of Norman's claims against Wilson is warranted. First, this Court lacks subject matter jurisdiction over Norman's claims

against Wilson in her official capacity due to the State Bar's sovereign immunity. In addition, Norman's delusional and fantastical claims are so insubstantial that they do not confer subject matter jurisdiction. And Norman has failed to sufficiently demonstrate Article III standing. Second, Norman fails to state a plausible claim for relief. Indeed, because he is seeking to relitigate issues considered and decided against him by courts in this district, this suit is squarely barred by res judicata. Even if he could surpass this hurdle, Norman's claims under 42 U.S.C. §§ 1983 and 1985 independently fail on the merits because he does not allege sufficient facts demonstrating that Wilson violated his constitutional rights, let alone conspired with others to deprive him of such rights. Furthermore, Norman's state law claims for intentional fraud and intentional infliction of emotional distress ("IIED") all fail as a matter of law. Finally, Norman's request for punitive damages should be dismissed. Because this action is without merit and the above-described defects cannot be cured by amendment, this Court should dismiss Norman's claims against Wilson without leave to amend.

## II. FACTUAL BACKGROUND

### A. The State Bar of California Is the Administrative Arm of the California Supreme Court in Matters of Attorney Licensing and Discipline

"The State Bar is a constitutional entity, placed within the judicial article of the California Constitution, and thus expressly acknowledged as an integral part of the judicial function." *In re Rose*, 22 Cal. 4th 430, 438 (2000); Cal. Const., art. VI, § 9. It operates as the administrative arm of the California Supreme Court in attorney licensing, discipline, and regulation. Cal. Bus. & Prof. Code § 6001; *In re Rose*, 22 Cal. 4th 430, 438 (2000). As pertinent here, the State Bar regulates Lawyer Referral Services, which are individuals or organizations certified by the State Bar to connect the public with qualified attorneys who meet specific experience and insurance requirements. Cal. Bus. & Prof. Code § 6155. Indeed, individuals and organizations are prohibited from referring prospective clients to attorneys unless certified by the State Bar. Cal. Bus. & Prof. Code § 6156. As a regulatory body, the State Bar does not function as a Lawyer Referral Service and does not directly or indirectly connect members of

the public with attorneys. The State Bar also does not provide direct legal representation to members of the public.

### B. Norman's Failed Northern District of California Lawsuits

Since 2018, Norman has filed, *in forma pauperis*, several actions in this district against various parties, including the FBI, White House, U.S. Department of Justice, state and federal government officials, and attorneys from different law firms, legal organizations, nonprofits, and bar associations, alleging, among other things, that various FBI agents conspired to frame him for a murder he did not commit or witness, interfered with his real estate business, and attempted to murder members of his family.[1] Norman sued the State Bar in three of those actions and former State Bar Board of Trustee Chair Ruben Duran in his individual and official capacities in another action, asserting claims, including purported violations of the Sixth Amendment, Fourteenth Amendment, and 42 U.S.C. §§ 1983 and 1985, based on the allegation that the State Bar failed to provide him with legal representation in connection with being falsely accused of murder, prevented him from hiring an attorney, and was otherwise involved in a murder conspiracy. After respective screening by the district court, all of Norman's complaints against the State Bar were dismissed for failure to sufficiently state a plausible claim for relief. *See Norman v. State Bar, et al*, No. 20-cv-01042-VC, Dkt. 10 (N.D. Cal. May 22, 2020) (dismissing Sixth and Fourteenth Amendment claims on the basis that Norman's complaint failed to provide plausible allegations that defendants deprived him of right to counsel in a criminal proceeding); *Norman v. FBI, et al*, No. 22-cv-02627-VC-JCS, Dkt. 14 (N.D. Cal. July 25, 2022) (holding that Norman's claims are frivolous and dismissing on res judicata grounds and failure to state § 1983 and Fourteenth Amendment claims); *Norman v. State Bar, et al*. No. 22-cv-02390-MMC, Dkt. 14 (N.D. Cal. Aug. 31, 2023) (dismissing § 1983 and Fourteenth Amendment claims on res judicata grounds and failure to state a claim for relief); *Norman v. Garland*, *et al.*, No. 23-CV-05783-JST-LJC, 2024 WL 6840864, at *1 (N.D.

[1] Two of Norman's lawsuits were dismissed without prejudice as Norman failed to amend his application for *in forma pauperis* following the court's denial of his applications. *See Norman v. FBI*, No. 18-cv-6658-MMC, Dkt. 14 (N.D. Cal. Jan. 2, 2019); *Norman v. FBI, et al.*, No. 19-cv-1173-MMC, Dkt. 16 (N.D. Cal. May 10, 2019).

Cal. Jan. 16, 2024) (dismissing §§ 1983 and 1985, Fourteenth Amendment Due Process and Equal Protection, conspiracy to commit fraud, conspiracy to obstruct justice, and IIED claims for failure to state a claim for relief). In *Garland*, the district court observed that "even after parsing out the fantastical allegations, there do not appear to be claims that come become cognizable through amendment" and dismissed Norman's claims on the basis that they were implausible and delusional. 2024 WL 6840864, at *1. The court in these cases granted Norman leave to amend his complaints or otherwise ordered him to show cause to maintain his suit, but he failed to do so in each, resulting in dismissals with prejudice.

Undeterred by those dismissals, Norman has continued to file new complaints in this district, including the instant Complaint, alleging similar outlandish claims. *See*, *e.g.*, *Norman v. U.S. Department of Justice, et al.*, No. 26-cv-4015-JSC, Dkt. 1.

### C. Norman's Claims Against Wilson and the Filing of this Lawsuit

In this action, filed May 26, 2026, Norman sues 14 individuals in their individual and official capacities, including former State Bar Executive Director Leah Wilson, California Attorney General Rob Bonta, former U.S. Attorney General Pam Bondi, California Governor Gavin Newson, and various executive directors of bar associations in California. Although some of these defendants are new additions to Norman's campaign of frivolous litigation, the Complaint raises the same fantastical allegations he previously asserted in his prior actions. Indeed, although the Complaint identifies Wilson as "an authorized policy maker with the State Bar of California," *id.* at 18, it does not otherwise mention her in the remainder of the pleading, nor does it describe any specific actions undertaken by Wilson in her capacity as executive director. Instead, like his prior failed actions, Norman alleges that FBI agents and state agents, acting under color of law, "spent millions of taxpayer's dollars drugging him up and attempting to entrap and frame [him]" for a murder he did not witness or commit. Compl. at 8. He further alleges that an unknown federal FBI agent, "John Doe," "intentionally destroyed [his] marriage and intentionally worked against [him] to destroy [his] real estate businesses and position as counselor to ensure that [he] didn't make enough money to support this Civil Rights case against the FBI." *Id.* at 11. Norman asserts that "John Doe" abused his power by preventing

Norman and his family from hiring an attorney to defend their constitutional civil rights. *Id.* at 10–11. He also states that because of "John Doe's" interference, "[a]ll the defendants have denied [him] support for legal services." *Id.* at 12. Norman further states, among other delusional assertions, that all defendants "intentionally supported…FB[I] agents smoking Crack Cocaine and selling Crack Cocaine into our old neighborhood, FB[I] agents pimping/Prostituting their own daughters into prostitution for the Bureau…FB[I] Agent is forcing [Norman's] daughter to take care of his personal dog…" *Id.* at 7. He claims that "FB[I] agents potentially let a Crack cocaine/Premo head smoking werewolf or wolves run free to kill more American Citizens." *Id.*at 9. According to Norman, he has "exhausted all efforts to retain an attorney" through the State Bar of California and other agencies. *Id.* at 11. Moreover, he alleges that the State Bar has conspired with the FBI for around 40 years by providing "FB[I] attorneys to sabotage and destroy [his] cases in the United States Federal District Court and the State Superior Court." *Id.* at 18. He also alleges that he requested lawyer referral services from the State Bar at our around September 2025, and that the State Bar did not return his phone calls. *Id.* Norman alleges that he presented his complaints to the State Bar office in San Francisco and "a man whom [he] gave [his] documents to, came outside of the building and pursued [him] down the street, and started assaulting [him] with the mock evidence which [he] provided to them as evidence" for a murder and his request for attorney support. *Id.* He claims the State Bar has not provided him with legal services. *Id.*

Norman asserts against all defendants claims under 42 U.S.C. § 1983 for purported violations of the Fifth Amendment and the Due Process and Equal Protection clauses of the Fourteenth Amendment, and under 42 U.S.C. § 1985 for conspiracy to interfere with civil rights. *Id.* at 27–29. He also asserts causes of action for intentional fraud, conspiracy to obstruct justice, and intentional infliction of emotional distress. *Id*. at 30–32. As with his prior failed actions, Norman's claims are premised on his allegations that his and his family's civil rights were violated when he was prevented from hiring an attorney, except for the IIED claim, which is based on the purported harm caused by being falsely accused by the FBI of murder and rape, the attempted murder of his family, and the "unlawful crimes" committed by the FBI. *Id.* at 32. In

addition to seeking compensatory and punitive damages, Norman requests a preliminary injunction for an "order directing Defendants to stop discriminating against an innocent man and his family to assist us with our urgent needs for an attorney."[2] *Id.* at 33.

## III. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12 (b)(1) tests the Court's subject matter jurisdiction. *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 (9th Cir. 2003). When subject matter jurisdiction is challenged, "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists[.]" *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Accordingly, in response to a Rule 12(b)(1) motion to dismiss, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78 (1994). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). As relevant here, a facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Federal subject matter jurisdiction must exist at the time the action is commenced. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988), cert. denied, 488 U.S. 1006 (1989).

### B. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss for failure to state a claim under Rule 12 (b)(6), a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 (9th Cir. 2021). Each of Norman's claims must set forth "a short and plain statement of the claim,"

---

[2] Norman appears to embed in the Complaint a request for preliminary injunction. However, he has not filed a noticed motion for that relief.

Fed. R. Civ. P. 8(a)(2), such that the State Bar is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

In applying this standard, "'naked assertion[s]' devoid of 'further factual enhancement,'" "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Anderson v. Fed. Express Corp.*, No. 25-CV-03919-JSC, 2025 WL 1735730, at *1 (N.D. Cal. June 23, 2025). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). When considering plausibility, courts must also consider an "obvious alternative explanation" for the defendant's behavior. *Id.* (citing *Iqbal*, 556 U.S. at 682.)

In addition, where a plaintiff, like Norman, cannot recover damages as a matter of law, the proper procedural vehicle to dismiss the request for damages is a motion under Rule 12 (b)(6) rather than a motion to strike under Rule 12(f). *See Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 974–75 (9th Cir. 2010) ("Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."); *Beluca Ventures LLC v. Einride Aktiebolag*, 2022 WL 17252589, at *5 (N.D. Cal. Nov. 28, 2022) (applying *Whittlestone* to requests for punitive damages and collecting cases).

Where, as here, a plaintiff cannot cure basic flaws in a complaint and when amendment would be futile, it is appropriate for the district court to dismiss the complaint without leave to amend. *See, e.g.*, *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1087–88 (9th Cir. 2002).

//

//

//

## IV. ARGUMENT

### A. The Complaint Should Be Dismissed Without Leave to Amend Under Federal Rule of Civil Procedure 12(b)(1) Because This Court Lacks Subject Matter Jurisdiction

#### 1. The State Bar Is Entitled to Sovereign Immunity

Norman's official capacity claim against Wilson fails as a matter of law under the Eleventh Amendment because the State Bar is an arm of the State of California and enjoys sovereign immunity from suit in federal court. *See Kohn v. State Bar of California*, 87 F. 4th 1023, 1032 (9th Cir. 2023); *see Galette v. New Jersy Transit Corp.*, 146 S. Ct. 854, 871–872 (2026) (analyzing arm-of-the-state status based on factors similar to *Kohn*'s three-part test). This immunity extends to all forms of relief sought against the State, including prospective relief. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984). It also applies to pendent or supplemental state-law claims, such as those raised by Norman here. *See Pennhurst*, 465 U.S. at 120–21 (pendent jurisdiction does not permit evasion of sovereign immunity); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

Not only does the Eleventh Amendment bar Norman's suit against Wilson in her official capacity here, but none of the three limited exceptions to sovereign immunity apply. *See Douglas v. California Dep't of Youth Auth*., 271 F.3d 812, 817 (9th Cir. 2001) (noting that three exceptions to sovereign immunity exist where "a state may waive its Eleventh Amendment defense," "Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority" and, under the *Ex Parte Young* doctrine, an individual may file suit against a state official for prospective relief to redress an ongoing violation of federal law). Indeed, it is well-settled that Congress did not abrogate sovereign immunity for the type of constitutional violations alleged against Wilson here, regardless of whether they are styled as a violation of § 1983. *See O'Connor v. State of Nev*., 686 F.2d 749, 750 (9th Cir. 1982); *see also Breck v. Doyle*, 796 F. App'x 333, 336 (9th Cir. 2019) (the Nevada State Bar is an arm of the State of Nevada that is immune from section 1983 damages claims).

//

//

Accordingly, Norman's Complaint as asserted against Wilson in her official capacity should be dismissed without leave to amend for lack of subject matter jurisdiction. *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (Eleventh Amendment serves as jurisdictional bar).

**2. Norman's Delusional and Fantastical Claims Are So Insubstantial Such That They Do Not Confer Subject Matter Jurisdiction**

Under the substantiality doctrine, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Foster v. Carter*, No. 3:16-cv-02336-LB, 2016 WL 7852472, at *3 (N.D. Cal. Dec. 1, 2016) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Federal courts therefore do not have subject matter jurisdiction over claims that are "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *see also Al Zeiny v. United States*, No. 19-cv05806-HSG, 2020 WL 496076, at *2 (N.D. Cal. Jan. 30, 2020) ("[C]ourts routinely dismiss cases under the substantiality doctrine where plaintiffs allege vague government conspiracies."). "Claims that are too insubstantial to give rise to subject matter jurisdiction include those alleging bizarre or wholly implausible conspiracy theories." *Ou-Young v. Rudy*, No. 21-cv-07361-BLF, 2022 WL 2343043, at *3 (N.D. Cal. June 29, 2022) (citing cases). Moreover, in evaluating a complaint against a public officer, the Court should give effect to the presumption of regularity of official action. *United States v. Chem. Founds., Inc.*, 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."); *see also e.g.*, *Randall v. Comm'r IRS*, No. 4:24-cv-03485-KAW, 2024 WL 5378334, at *7 (N.D. Cal. Dec. 2, 2024). The substantiality doctrine precludes Norman's claims here.

Norman brings six causes of action and a request for a preliminary injunction premised on a confusing and outlandish story involving a conspiracy between the FBI, various federal and state government officials, and individual attorneys from bar associations to prevent him and his

family from obtaining legal representation with respect to purported false accusations of murder and attempted murder of his family. Among Norman's numerous fantastical claims are his allegations that "FB[I] Agents deceived black people like myself into selling crack cocaine to our own people," "FB[I] agents potentially let a Crack cocaine/Premo head smoking werewolf or wolves run free to kill more American Citizens," and "FB[I] Agents have been infusing [him] with some powerful drugs to alter [his mind] so that [he] might become insane and murder [his] eldest daughter." Compl. at 9–10. These and similar claims are precisely the kind of "conspiracy theories" that courts in this district and around the country have held to be too insubstantial to support federal jurisdiction. *See*, *e.g.*, *Ou-Young*, 2022 WL 2343043, at *3 (collecting cases); *see also*, *e.g.*, *Grant v. Carns*, No. 22-cv-02932-SVK, 2022 WL 4775890, at *5 (N.D. Cal. Sept. 30, 2022) ("Plaintiff's allegations" of "a decades-long government conspiracy that involved detaining and manipulating him" were "inherently implausible and [] precisely the kind of claims that are subject to dismissal for lack of subject-matter jurisdiction"). Thus, dismissal under the substantiality doctrine without leave to amend is proper here. *See Foster*, 2016 WL 7852472, at *3 ("District courts in this and other circuits dismiss cases with prejudice when they—like this case—involve claims regarding implausible government conspiracies.").

### 3. Norman Fails to Meet Article III Standing Requirements

Standing "pertain[s] to a federal court's subject-matter jurisdiction under Article III," and is "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). As a threshold requirement, Article III of the Constitution requires that Norman allege an actual case or controversy." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Norman fails to surpass this hurdle because he does not (and cannot) allege the existence of an actual controversy between himself and Wilson (let alone the State Bar). As the agency that regulates and certifies Lawyer Referral Services, the State Bar does not refer attorneys to clients and does not provide direct legal services to members of the public. Norman's failure to satisfy this requirement defeats his Article III standing in this action.

But even assuming Norman can meet this showing (and he cannot), he does not allege the constitutional minimum necessary to establish standing. To establish standing, Norman

"must demonstrate (i) that []he has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused . . . by [the State Bar], and (iii) that the injury likely would be redressed by the requested judicial relief." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024). The "causation requirement is central to Article III standing" because it "screens out plaintiffs who were not injured by the defendant's action." *Id.* at 383. "Federal courts may act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *WildEarth Guardians v. U.S. Forest Serv.*, 70 F. 4th 1212, 1216 (9th Cir. 2023) (cleaned up).

Notwithstanding Norman's conclusory and vague allegations, he fails to sufficiently allege any act or omission by Wilson, let alone an act or omission by the State Bar that purported to cause him injury. Indeed, Norman's asserted injury—being denied the right to legal representation—is not at all traceable to any acts by Wilson or the State Bar, which as noted above, does not refer attorneys to members of the public or provide direct legal representation. Moreover, given Norman's abundant factual assertions against unknown FBI agents and various parties, this is simply a case where the "causal chain [is] too weak to support standing" because it "involves numerous third parties whose independent decisions collectively have a significant effect on [Plaintiff's] injuries." *See Maya*, 658 F.3d at 1070 (cleaned up). Norman's failure to demonstrate causation is fatal to his standing to sue Wilson here. Consequently, Norman's claims should be dismissed for lack of subject matter jurisdiction under Article III.

### B. Norman's Claims Fail Because They Lack Any Factual Support and Fail to State a Proper Claim Under Federal Rule of Civil Procedure 12(b)(6)

Setting aside that Norman's action fails under Federal Rule of Civil Procedure 12(b)(1), his Complaint must also be dismissed in its entirety under Rule 12(b)(6) because its allegations fail to state a plausible claim for which relief may be granted.

#### 1. Res Judicata Summarily Foreclose Norman's Claims

Res judicata "bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d

1064, 1077–78 (9th Cir. 2003) (citation omitted). Res judicata requires (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Id.* at 1077. Norman's four prior failed actions sufficiently establish these elements here and his latest litigation gambit against Wilson, and by extension, the State Bar, fails under well-settled res judicata principles.

First, there is an identity of claims because all of Norman's prior and present actions arise from "the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001). The "same transactional nucleus of facts" inquiry considers whether the prior and present suits are "related to the same set of facts and whether they could conveniently be tried together." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012). This is indisputably the case here, where the relevant "transactional nucleus of facts" governing Norman's prior and present claims is his assertion that the State Bar failed to provide him legal services and prohibited him from retaining an attorney. *Compare* Compl. ¶ 18–19 *with Norman v. Garland*, *et al.*, No. 23-CV-05783-JST-LJC, 2024 WL 6840864, Dkt. 1 at ¶ 33 (alleging State Bar "intentionally prohibited [him] from retaining an Attorney"); *Norman v. State Bar, et al*. No. 22-cv-02390-MMC, Dkt. 1 at pp. 22 (same); *Norman v. FBI, et al*, No. 22-cv-02627-VC-JCS, Dkt. 1 at pp 4–5 (alleging he requested legal services from the State Bar); *Norman v. State Bar, et al*, No. 20-cv-01042-VC, Dkt. 1 at pp. 4–5 (alleging he requested legal representation from the State Bar). Based on these "same transactional nucleus of facts," Norman previously brought claims under 42 U.S.C. §§ 1983 and 1985 and the Fourteenth Amendment's Due Process and Equal Protection clauses—the same claims he brings in this action—making unequivocal that an identity of claims exists here.

Second, the district court dismissed Norman's prior claims against the State Bar with prejudice and entered judgment. *See*, *e.g.*, *Norman v. Garland*, *et al.*, No. 23-CV-05783-JST-LJC, 2024 WL 6840864, Dkt. 15 (N.D. Cal. Jan. 16, 2024); *Norman v. State Bar, et al*. No. 22-cv-02390-MMC-AGT, Dkt. 14 (N.D. Cal. Aug. 31, 2023); *Norman v. FBI, et al*, No. 22-cv-02627-VC-JCS, Dkt. 20 (N.D. Cal. Aug. 12, 2022); *Norman v. State Bar, et al*, No. 20-cv-01042-VC, Dkt. 10 (N.D. Cal. July 25, 2020). The judgments in these actions are final and binding on successive actions for res judicata purposes. *Nnachi v. City of San Francisco*, No. C

10–00714 MEJ, 2010 WL 3398545, at *5 (N.D. Cal. Aug. 27, 2010), *aff'd*, 467 Fed. Appx. 644 (9th Cir. 2012) ("Dismissal of an action with prejudice, or without leave to amend, is considered a final judgment on the merits.").

Third, there is privity because Norman sued the State Bar and its agents in those prior actions, and there is "no question that these parties already had a complete opportunity to litigate their claims." *Tahoe-Sierra*, 322 F.3d at 1081. The preclusive effect of those judgments applies with equal force here to Norman's claims against Wilson, who Norman alleges is "an authorized policy maker with the State Bar of California," Compl. at ¶ 18. This is because privity extends to non-parties who have "substantial identity" with the original party or share a "sufficient commonality of interest." *Tahoe-Sierra*, 322 F.3d at 1081 (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)). Indeed, the Ninth Circuit has found privity to exist between a corporate party and individually named agents of the corporate party when, as here, the allegations "relate to actions taken in their official, rather than individual, capacities." *Pedrina v. Chun*, 97 F.3d 1296, 1302 (9th Cir. 1996) (finding privity where corporate officers named in the second action were "accused of participating in the same criminal wrongdoing" the corporation had been charged with previously). Here, the claims against Wilson relate to purported wrongdoing by the State Bar, so she is in privity with the State Bar and is shielded by the final judgments in Norman's prior actions.

For these reasons, Norman's claims against Wilson are squarely barred under res judicata and should be dismissed as a matter of law.

**2. Norman's Claims Under 42 U.S.C. § 1983 Are Meritless**

Section 1983 imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. However, the State Bar or its officials sued in their official capacity are not considered to be a "person" under § 1983 and thus are "not subject to suit under § 1983." *Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see*

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). This alone compels dismissal of Norman's § 1983 claims against Wilson in her official capacity for alleged violations of the Fourteenth Amendment's Equal Protection and Due Process clauses.

Norman's claims against Wilson in her individual capacity fare no better. To establish a claim for relief under § 1983, Norman must allege: (1) a deprivation of federal rights; (2) by a person acting under color of state law. 42 U.S.C. § 1983; *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted). "Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In recognition of this principle, the Ninth Circuit has held that an individual defendant, like Wilson, can be held liable under § 1983 only when there is a "showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075, n.1 (9th Cir. 1986). Moreover, public officials "may not be held liable merely for being present at the scene of a constitutional violation or for being a member of the same operational unit as a wrongdoer." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018). As pertinent here, the Supreme Court has instructed that in alleging constitutional violations under § 1983, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And, where the factual allegations of the Complaint "do not permit the court to infer more than the mere possibility of misconduct," Norman has not shown an entitlement to relief. *Id.* at 679. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

These flaws permeate Norman's Complaint, which altogether fails to state particularized allegations of misconduct by Wilson that would support the imposition of personal liability

against her. Indeed, the Complaint refers to Wilson only *once* to identify her as the State Bar executive director, *see* Compl. at 18, but is otherwise devoid of any allegation that Wilson specifically directed or participated in any misconduct, or acted to cause Norman harm. And Norman does not (and cannot) assert that Wilson personally prevented him from hiring a lawyer, nor can he allege that Wilson was involved in the State Bar's purported 40-year conspiracy with the FBI. Entirely lacking in allegations showing the basis for Wilson's personal liability, Norman's claims against Wilson in her individual capacity must be dismissed as a matter of law. *See e.g., Hunter v. Citibank, N.A.*, No. C 09-02079 JW, 2011 WL 7462143, at *10 (N.D. Cal. May 5, 2011) ("the Court finds that Plaintiffs have failed to allege facts sufficient to state a claim against Defendant Rodriguez in his individual capacity").

In any event, as further explained below, the § 1983 claim fails because Norman has not plausibly alleged any deprivation of federal rights.[3]

**a. Norman Fails to Establish a Due Process Violation Under the Fifth and Fourteenth Amendments**

Norman asserts that the defendants deprived him of his due process right to hire an attorney in violation of the Fifth and Fourteenth Amendments. Compl. p. 27. While it is unclear whether Norman alleges a violation of substantive due process or procedural due process, either theory fails because the Complaint does not adequately identify a fundamental right sufficient to invoke due process protections. As pertinent here, the Supreme Court has long recognized the presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Turner v. Rogers*, 564 U.S. 431, 442–43 (2011). That presumption is not refuted here. Besides vague allegations of being falsely accused of murder, Norman's Complaint does not otherwise allege that he is involved in proceedings that would have resulted in the loss of his liberty, let alone that Wilson, acting under color of law, deprived him of counsel during those proceedings. Cautioning against such conclusory assertions, the

[3] Because Norman has failed to plausibly allege facts showing that Wilson violated a constitutional right, let alone that such rights were clearly established, Wilson is also entitled to qualified immunity. *See Ashcroft v. al-Kidd*, 297 F.3d 930, 934 (9th Cir. 2002).

Ninth Circuit has held that "mere allegation of a due process violation," such as those contained in Norman's Complaint, is not a colorable constitutional claim. *Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000) (citing *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1993)). Rather, the claim must be supported by "'facts sufficient to state a violation of substantive or procedural due process.'" *Id.* (quoting *Hoye*, 985 F.2d at 992). Here, Norman's Complaint—rife with fantastical allegations that courts in this district have repeatedly rejected and characterized as "frivolous"—fails to establish the requisite nexus between any due process rights and Wilson's purported misconduct. Dismissal of this claim as a matter of law is warranted.

**b. Norman Also Fails to Allege an Equal Protection Violation**

To state a § 1983 claim under the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Shooter v. Arizona*, 4 F. 4th 955, 960 (9th Cir. 2021) (citation omitted); *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (plaintiff must show that the individual caused the alleged constitutional injury). Norman fails to make that showing here.

Indeed, Norman's vague and conclusory allegations that the defendants violated his and his family's equal protection rights to "hire an Attorney just like similar American Citizens," Compl. p. 28, and "denied [him] Equal Access to Lawyer Referrals services just like similar American citizens requesting legal services from their company," *id.* at p. 18, fall far short of the pleading necessary to establish an equal protection violation. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (holding plaintiff must plead "intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent"). As such, this claim also fails as a matter of law.

**3. Norman's 42 U.S.C. § 1985 Claims Are Equally Futile**

Stating a conspiracy claim under § 1985 requires that Norman demonstrate: (1) an agreement between the defendants to deprive him of a constitutional right, (2) an overt act in furtherance of the conspiracy, and (3) a constitutional deprivation. *Davis v. Powell*, 901 F. Supp. 2d 1196, 1217 (S.D. Cal. 2012); *see Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 626 (9th Cir. 1988) (holding conspiracy claim "must allege facts…that the defendants conspired

together" and "mere allegation of conspiracy without factual specificity is insufficient"). Norman also "must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights." *Davis*, 901 F. Supp. 2d at 1217 (citing *Miller v. California*, 355 F.3d 1172, 1177 n.3 (9th Cir. 2004). Furthermore, to state a claim for conspiracy to violate one's constitutional rights, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Under Ninth Circuit precedent, conspiracy claims under "section 1985(3) is extended beyond race 'only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (cleaned up).

As a threshold matter, where, as here, Norman fails to plead a § 1983 cause of action, any conspiracy claim based on the same allegations must necessarily fail. *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989). Notwithstanding this hurdle, Norman's conspiracy claims also fail on the merits. Here, the Complaint alleges in a wholly conclusory fashion that the defendants "conspired and worked in concert against Plaintiff and his family to deprive him [them] of [their] constitutional right…to hire an Attorney of [their] choice" and "conspired…to Obstruct justice upon the court and justice system by attempting to deny [their] future Attorney the legal rights to asses [their] case…" Compl. at pp. 29, 31. Norman asserts these actions were done "with retaliation," and "racial and religious animus." *Id*. But, the Complaint does not directly allege that Norman is part of a protected class. *See id.* at 29 (stating only that under § 1985, the defendants "must treat every citizen the same and not conspire to treat citizens and non citizens differently, because they are African Americans/black, former Muslim…"). Even if Norman could establish membership in a protected class, the Complaint provides no allegations regarding Wilson's actions, let alone that she intentionally discriminated against Norman. The conspiracy claim fails for this reason alone.

//

//

Yet Norman's Complaint also fails on the merits because it does not plausibly allege the elements of a conspiracy claim because it (1) lacks any allegation that Wilson entered into an agreement with other defendants to deprive him of his constitutional rights, (2) does not demonstrate an overt act committed by Wilson in furtherance of the conspiracy, and (3) fails to demonstrate any constitutional deprivation. Norman's conclusory allegation that Wilson and the State Bar conspired with other agencies to deprive him of his right to hire a lawyer is insufficient to establish Wilson's liability here. *See Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1120 (N.D. Cal. 2011) ("Where multiple defendants are involved, the pleadings must establish a nexus between each defendant's actions and the alleged deprivation of plaintiff's constitutional rights.").

Accordingly, Norman's conspiracy claims fail as a matter of law.

**4. Norman's State-Law Claims Must Also Be Dismissed**

For the reasons set forth in Section IV.A.1-3 above, this Court lacks subject matter jurisdiction over Norman's claims. This alone dooms Norman's state-law claims for fraud on the court and IIED. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (the district court has no discretion to assert jurisdiction over supplemental claims when it dismisses the federal claims for lack of subject matter jurisdiction). As discussed below, these causes of action also independently fail on the merits.

**a. The California Government Claims Act Bars Norman's State-Law Claims**

The California Government Claims Act ("Claims Act") requires plaintiffs to timely file claims for money or damages with a public entity before suing the entity or its employees. *See Willis v. City of Carlsbad*, 48 Cal. App. 5th 1104, 1118 (2020). "Claims for personal injury must be presented not later than six months after the accrual of the cause of action, and claims relating to any other cause of action must be filed within one year of the accrual of the cause of action." *California Rest. Mgmt. Sys. v. City of San Diego*, 195 Cal. App. 4th 1581, 1591 (2011). Compliance with this "claim presentation requirement" is mandatory. *Rubenstein v. Doe No. 1*, 3 Cal. 5th 903, 906, 221 Cal.Rptr.3d 761, 400 P.3d 372 (2017), *as modified on denial of reh'g*

(Nov. 1, 2017) ("Compliance with the claim requirement is a condition precedent to suing the public entity."). "The claimant bears the burden of ensuring that the claim is presented to the appropriate public entity," and the claimant must "allege compliance" with the Claim Act's "procedural requirements in the complaint." *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983, 991 (2012); *Progressive Sols., Inc. v. Stanley*, No. 16-cv-04805, 2017 WL 8294287, at *5 (N.D. Cal. Dec. 12, 2017). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. *State v. Superior Court*, 32 Cal. 4th 1234, 1240 (2004).

Here, the Complaint provides no allegations demonstrating that Norman presented his state-law claims to the State Bar prior to commencing this action or that he at all complied with the requirements of the Claims Act. Thus, dismissal of Norman's state-law claims is required.

**b. Norman's Fraud on the Court Claim Is Without Merit**

Norman's intentional fraud claim is based on the assertion that the "Defendants have committed Fraud upon the court" in his previous cases and have conspired to commit fraud in this case "by attempting to deny an Attorney the right to assess this murder investigation of allegedly an African American Blackman." Compl. at 30. Norman asserts the defendants also conspired to "stop the truth from coming out in this murder investigation." *Id.* This claim fails.

Under California law, the elements of intentional misrepresentation (that is, fraud) are: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Okun v. Morton,* 203 Cal. App. 3d 805, 828 (Ct. App. 1988). Importantly, "when the claim is 'grounded in fraud,' the pleading of that claim as a whole is subject to Rule 9(b)'s particularity requirement," *Marolda v. Symantec Corp.,* 672 F. Supp. 2d 992, 996 (N.D. Cal. 2009), which requires the plaintiff to allege "the who, what, when, where, and how" of the alleged fraudulent conduct. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997). Indeed, a plaintiff must describe the alleged fraud in specific enough terms "to give defendants notice of the particular misconduct so that they can defend against the charge." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009). Lacking in any particularity, Norman's intentional

fraud claim does not meet Rule 9(b) pleading requirements. Even if it did, the Complaint nonetheless fails to adequately allege any of the elements of a fraud claim against Wilson or the State Bar. As discussed above, Wilson's name appears only once in the Complaint, and there are no allegations that Wilson herself knowingly made misrepresentations to a court with the intent to induce reliance, let alone that a court relied on such misrepresentations. Accordingly, this cause of action should equally be dismissed.[4]

**c. Norman's State Law IIED Claim Also Fails**

Norman's IIED claim stems from the alleged harm he suffered as a result of purportedly being falsely accused of murder and rape, the attempted murder of his family, and the unlawful crimes committed by the FBI, his ex-wife's employer. Compl. p. 32. To establish a cause of action for intentional infliction of emotional distress, Norman must plead facts showing: (1) extreme and outrageous conduct by Wilson with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) Norman's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by Wilson's outrageous conduct. *See Fletcher v. Western National Life Ins. Co.*, 10 Cal. App. 3d 376, 394 (1970). Here, Norman's Complaint is equally devoid of any allegations that demonstrate any actions by Wilson that amount to extreme and outrageous conduct, much less plausible allegations that Wilson, acting under the color of state law, caused Norman's purported harm. And he cannot. As noted above, the State Bar, as a regulatory body, does not provide direct legal services and does not refer attorneys to clients. As such, this claim fails as a matter of law.

**d. State Bar Immunities Preclude Norman's State-Law Claims**

Even assuming, *arguendo*, that Norman can overcome the infirmities discussed above (and he cannot), his state-law claims against Wilson are nonetheless barred by applicable immunities. *See* Gov. Code, §§ 815.2(b), 820 (stating public employees are "not liable for an injury resulting from his [or her] act or omission where the act or omission was the result of the

[4] To the extent this claim purports to seek relief under Federal Rule of Civil Procedure 60(b)(3) from a judgment based on fraud, misrepresentation, or misconduct by an opposing party, such claim fails as a procedural matter because Norman has not brought a Rule 60(b) motion here, nor has he alleged that he is seeking to vacate or modify any court judgments.

exercise of the discretion vested in him [or her], whether or not such discretion be abused"); *see also* Gov. Code, §§ 818.4, 821.2 (barring claims against public entities and employees for injuries arising from the issuance, denial, suspension, or revocation of any license, certificate, approval, or similar authorization, where the entity or employee is authorized to make such determinations). Indeed, California courts have applied these immunities to prohibit claims against the State Bar and its employees arising out of its licensing and regulatory functions. *See Engel v. McCloskey*, 92 Cal. App. 3d 870, 881 (1979) (affirming dismissal under Government Code §§ 818.4 and 821.2 in action asserting negligence and IIED claims against State Bar defendants related to performance of duties); *see also Rosenthal v. Vogt*, 229 Cal. App. 3d 69, 75 (1991). (same). As such, dismissal of Norman's state-law claims is warranted for this reason.

**5. Norman's Request for Punitive Damages Is Improper**

Norman's request for punitive damages against Wilson in her individual or official capacity fails as a matter of law. It fails with respect to any purported official capacity claims because Norman cannot recover punitive damages against the State Bar. *See Will,* 491 U.S. at 71 (punitive damages cannot be sought from state officials acting in their official capacities because such suits are "no different from a suit against the State itself"). Moreover, it is well established that there is a presumption that punitive damages are not permitted against a public entity and even if Norman could state a § 1983 claim, a public entity cannot be sued under § 1983 as a matter of law for punitive damages. *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens,* 529 U.S. 765, 785 (2000). Likewise, any punitive damages claim against Wilson in her individual capacity is futile. Because Norman has not stated a violation of a federal right under §1983, he has not established a compensable injury for which punitive damages may be recovered against Wilson. Section 1983 only permits punitive damages against state officials in their individual capacity where the plaintiff can demonstrate the individual defendant's "evil motive or intent" or "reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The Complaint alleges in a conclusory fashion that "defendants were deliberately indifferent to the plaintiff and his family," Compl. p. 28, but this is insufficient to demonstrate Wilson's evil motive or intent or reckless indifference to

Norman's rights. Even assuming Norman's allegation passes muster (it does not), his claim for punitive damages would still fail due to the lack of a cognizable violation of a federally protected right. *Bacon v. Woodward*, 104 F. 4th 744, 750 (9th Cir. 2024) (where firefighters had plausibly alleged callous disregard to their rights under the Free Exercise Clause). As noted above, Norman has not demonstrated a fundamental right to legal representation under these circumstances. Accordingly, Norman's request for punitive damages against Wilson should be dismissed without leave to amend.

**C. Dismissal Without Leave to Amend Is Proper**

When it is clear that "the complaint could not be saved by any amendment," a court may dismiss a claim with prejudice. *Gompper v. VISX, Inc*., 298 F.3d 893, 898 (9th Cir. 2002) (cleaned up). "Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989). Amendment is futile if no set of facts can be proven under the amendment that could constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1998). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996) (holding that "district courts need not accommodate futile amendments").

Denial of leave to amend is proper here because the paranoid, conspiratorial nature of Norman's Complaint, considered with the fact he raised substantially similar claims and theories in his four prior failed actions against the State Bar or its agents, confirms that further amendment would be futile. That Norman has ignored previous district court orders to amend his complaint in compliance with the Federal Rules, and instead refiled a new complaint with the same defective factual assertions demonstrates that granting him leave to replead will not result in the allegation of any new plausible facts, or cure the many deficiencies in his current pleading, including that this Court lacks subject matter jurisdiction over his claims and that his claims are summarily barred under res judicata. The Court should therefore dismiss Norman's claims against Wilson without leave to amend. *See Chaset*, 300 F.3d at 1088 ("Because any

amendment would be futile, there is no need to prolong the litigation by permitting further amendment") (citation omitted); *Foster*, 2016 WL 7852472, at *3 (dismissal "with prejudice" appropriate for "implausible government conspiracies").

## V. CONCLUSION

Norman's Complaint falls far short of the applicable pleading standard and is entirely implausible and legally and factually frivolous. For the foregoing reasons, this Court should dismiss the claims against Wilson without leave to amend.

Dated: June 22, 2026

STATE BAR OF CALIFORNIA
OFFICE OF THE GENERAL COUNSEL

By: <u>*/s/ RAYMOND R. ROLLAN*</u>
RAYMOND R. ROLLAN

Assistant General Counsel
Attorneys for Defendant,
LEAH WILSON

**DECLARATION OF SERVICE**

I, Ryan Sullivan, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On June 22, 2026, following ordinary business practice, I filed via the United States District Court, Northern District of California electronic case filing system, the following:

**DEFENDANT LEAH WILSON'S MOTION TO DISMISS PLAINTIFF GARRED F. NORMAN'S COMPLAINT**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I also served a copy on the following parties:

Garred Farrell Norman
P.O. Box 104
Oakland, CA 94604
Email: 1family1pk@gmail.com

By the following means:

☒ (***By U.S. Mail***) By enclosing the foregoing documents in a sealed envelope or package addressed to the persons at the addresses above and either:

☒ depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid; or

☐ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the State Bar's business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Oakland, California, on June 22, 2026.

Ryan Sullivan
Ryan Sullivan