UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRED FARRELL NORMAN,<br>Plaintiff,<br>v.<br>PAMELA BONDI, et al.,<br>Defendants. | Case No. 26-cv-04949-AMO<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 27 |

Before the Court is self-represented Plaintiff Garred Farrell Norman's motion for temporary restraining order "to hire an Attorney," "to have Federal Agents stop posing as Attorneys, doctors and dentists and legal professionals," "to prohibit the defendants from using dangerous drugs on Plaintiff," "to prohibit the defendants from kidnapping, deceiving, using fear and forcing on our children to work for the Federal Bureau of investigation" [sic], "to have an unlawful bug/wire removed from [his] tooth that was put into it," "to prohibit the Federal Bureau of investigation from continuously interfering [in his] businesses," to "restrain[] the FBi from committing violent acts on our family, including attempted murder of us," and to "deny[] Plaintiff emergency housing, jobs, and the ability to see his daughters on a regular basis." Dkt. No. 27.

Federal Rule of Civil Procedure 65 authorizes a trial court to grant a temporary restraining order "to preserve the status quo and the rights of the parties until a final judgment issues in the cause." *See Ramos v. Wolf*, 975 F.3d 872, 887 (9th Cir. 2020) (quoting *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010)). The standards for a temporary restraining order and a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits, (2) a likelihood of

United States District Court
Northern District of California

irreparable harm to the moving party in the absence of preliminary relief, (3) the balance of equities tips in the favor of the moving party, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The first factor 'is a threshold inquiry and is the most important factor.' " *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "Thus, a 'court need not consider the other factors' if a movant fails to show a likelihood of success on the merits." *Baird*, 81 F.4th at 1040 (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)).

Here, Norman fails on the first, threshold issue – he fails to show a likelihood of success on the merits. Norman's motion fails to identify any legal basis for relief. Further, Norman's motion fails to identify any factual basis for relief. Although the motion lists two exhibits, the contents of those exhibits are nowhere to be found in the record, and it is not clear from their description that they would meaningfully contribute to a showing of likelihood of success on any legal claim. *See* Dkt. No. 27 at 5 (listing "Exhibit: A [] A mock cigarette laced with crack cocaine/baby powder and asphalt rocks"; "Exhibit B [] My list of health issues"). Similarly, the declaration submitted in support of the motion reads in substantive part,

> Plaintiffs submit that the information stated in his Motion and Declaration is correct to the best of his ability and he Nicknamed John Doe, Coach Helicopter man because he has attempted to coach a direct evidence and indirect evidence case against me for a murder and a rape of an FBi Prostitute. He has failed. It must be noted, that if anyone accuses me of these ugly crimes, God, my Lord and my Savior Jesus Christ and myself we are coming out to get you and we have demonstrated it.

Dkt. No. 28 at 1 (emphasis omitted). This conclusory statement does not provide any support for legal relief, and it falls short of showing likelihood of success. The Court's analysis need not proceed further through the remining *Winter* factors. *See Baird*, 81 F.4th at 1040.

For the foregoing reasons, primarily based on the failure to show likelihood of success on the merits, the Court **DENIES** Norman's motion for temporary restraining order.

//

//

United States District Court
Northern District of California

Two motions to dismiss remain pending. *See* Dkt. No. 5 (re-noticed at Dkt. No. 10), Dkt. No. 9. The Court will resolve those motions in a separate order.

**IT IS SO ORDERED.**

Dated: September 11, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**