United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARRED FARRELL NORMAN,
Plaintiff,

v.

PAMELA BONDI, et al.,
Defendants.

Case No. 26-cv-04949-AMO

**ORDER RE MOTIONS TO DISMISS**

Re: Dkt. Nos. 5, 9, 32

Before the Court are motions to dismiss from Defendants California Governor Gavin Newsom, California Attorney General Rob Bonta, and former California State Bar Executive Director Leah Wilson. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **GRANTS** Wilson's motion to dismiss and **DISMISSES** the Complaint for the following reasons.

## I. BACKGROUND

In this action, Plaintiff Garred Farrell Norman sues 14 individuals in their individual and official capacities, including former State Bar Executive Director Leah Wilson, California Attorney General Rob Bonta, former U.S. Attorney General Pam Bondi, California Governor Gavin Newson, and various executive directors of bar associations in California. *See generally* Compl. Norman brings six causes of action and a request for a preliminary injunction premised on a conspiracy between the Federal Bureau of Investigation, various federal and state government officials, and individual attorneys from bar associations to prevent him and his family from

obtaining legal representation with respect to purported false accusations of murder and attempted murder of his family. *Id.*

Norman alleges that FBI agents and state agents, acting under color of law, "spent millions of taxpayer's dollars drugging him up and attempting to entrap and frame [him]" for a murder he did not witness or commit. Compl. at 8. He further alleges that an unknown federal FBI agent, "John Doe," "intentionally destroyed [his] marriage and intentionally worked against [him] to destroy [his] real estate businesses and position as counselor to ensure that [he] didn't make enough money to support this Civil Rights case against the FBI." *Id.* at 11. Norman asserts that "John Doe" abused his power by preventing Norman and his family from hiring an attorney to defend their constitutional civil rights. *Id.* at 10-11. He also states that because of "John Doe's" interference, "[a]ll the defendants have denied [him] support for legal services." *Id.* at 12. Norman further states that all Defendants "intentionally supported . . . FB[I] agents smoking Crack Cocaine and selling Crack Cocaine into our old neighborhood, FB[I] agents pimping/Prostituting their own daughters into prostitution for the Bureau . . . FB[I] Agent is forcing [Norman's] daughter to take care of his personal dog[.]" *Id.* at 7. He claims that "FB[I] agents potentially let a Crack cocaine/Premo head smoking werewolf or wolves run free to kill more American Citizens." *Id.* at 9. According to Norman, he has "exhausted all efforts to retain an attorney" through the State Bar of California and other agencies. *Id.* at 11. Moreover, he alleges that the State Bar has conspired with the FBI for around 40 years by providing "FB[I] attorneys to sabotage and destroy [his] cases in the United States Federal District Court and the State Superior Court." *Id.* at 18. Norman alleges that he presented his complaints to the State Bar office in San Francisco and "a man whom [he] gave [his] documents to, came outside of the building and pursued [him] down the street, and started assaulting [him] with the mock evidence which [he] provided to them as evidence" for a murder and his request for attorney support. *Id.*

Norman asserts against all defendants claims under Title 42 U.S.C. § 1983 for purported violations of the Fifth Amendment and the Due Process and Equal Protection clauses of the Fourteenth Amendment, and under 42 U.S.C. § 1985 for conspiracy to interfere with civil rights.

*Id.* at 27-29. He also asserts causes of action for intentional fraud, conspiracy to obstruct justice, and intentional infliction of emotional distress. *Id.* at 30-32.

## II. DISCUSSION

Of the several Defendants sued by Norman, only Newsom and Bonta (jointly), and Wilson filed motions to dismiss. *See* Dkt. Nos. 5 & 9. In both motions, Newsom, Bonta, and Wilson identify multiple grounds upon which to dismiss the case. *Id.* All the arguments appear meritorious, particularly because Norman did not file an opposition to the motions. One argument, however, warrants discussion below – Wilson argues that the Complaint should be dismissed under the substantiality doctrine. *See* Dkt. No. 9 at 20-21. Because the substantiality doctrine concerns the Court's subject matter jurisdiction, it resolves the entirety of the Complaint as to all Defendants, including those who have not responded.

Under Article III of the U.S. Constitution, federal courts have "limited jurisdiction," meaning they can only hear specific types of cases. If the court can hear a case, it is said to have "subject matter jurisdiction." Federal subject matter jurisdiction is premised on: (1) diversity jurisdiction or (2) federal question jurisdiction. For federal question jurisdiction, federal courts have subject matter jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has an independent duty to consider its own subject matter jurisdiction and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3).

"[I]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (internal quotation marks and citation omitted). "Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985). Thus, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans*, 415 U.S. at 537 (internal quotation marks and citations omitted).

United States District Court
Northern District of California

"Claims that are too insubstantial to give rise to subject matter jurisdiction include those alleging bizarre or wholly implausible conspiracy theories." *Ou-Young v. Rudy*, No. 21-CV-07361-BLF, 2022 WL 2343043, at *3 (N.D. Cal. June 29, 2022) (citation omitted); *see also, e.g.*, *Zeiny v. United States*, No. 5:13-CV-01220 EJD, 2014 WL 1051641, at *4 (N.D. Cal. Mar. 17, 2014) (applying substantiality doctrine to dismiss claims alleging "a conspiracy of clandestine CIA control over Plaintiff's travel, religious practice, medical care, and employment due to no reason other than his national origin and involvement with the Muslim community"); *Grant v. Carns*, No. 22-cv-02932-SVK, 2022 WL 4775890, at *5 (N.D. Cal. Sept. 30, 2022) ("Plaintiff's allegations" of "a decades-long government conspiracy that involved detaining and manipulating him" were "inherently implausible and [] precisely the kind of claims that are subject to dismissal for lack of subject-matter jurisdiction").

Here, Norman brings six causes of action. Norman's first cause of action asserts violations of Fifth and Fourteenth Amendment Due Process based on Defendants' purported interference with his and his family's right to hire an attorney. Compl. at 27. Norman's second cause of action asserts violation of the Fourteenth Amendment Equal Protection based on the same purported interference with his and his family's right to hire an attorney. Compl. at 28. Norman's third cause of action asserts violation of Title 42 U.S.C. § 1985, conspiracy to interfere with civil rights based on the same purported interference with his and his family's right to hire an attorney. Compl. at 29. Norman's fourth cause of action asserts "intentional fraud" and "fraud upon the court" based on the same purported interference with his and his family's right to hire an attorney. Compl. at 30. Norman's fifth cause of action asserts "obstruction of justice" and "conspiracy to obstruct justice" under both the Fourteenth Amendment and Title 42 U.S.C. § 1985 based on the same purported interference with his and his family's right to hire an attorney. Compl. at 31. Norman's sixth claim for intentional infliction of emotional distress is based on the purported harm caused by being falsely accused by the FBI of murder and rape, the attempted murder of his family, and the "unlawful crimes" committed by the FBI. Compl. at 32. All of these causes of action arise from a series of conspiracies and alleged misconduct involving public officials, a "John Doe" FBI Agent "BKA Helicopterman," public officials, judges, attorneys, and lawyer

United States District Court
Northern District of California

referral services operated by state and local bar associations to deprive Norman of various constitutional rights. *See generally* Compl.

"These allegations are the type of insubstantial and frivolous conspiracy theory claims that are routinely dismissed under the substantiality doctrine pursuant to Fed. R. Civ. P. 12(b)(1)." *Ticktin v. C.I.A.*, No. CV08-998-PHX-MHM, 2009 WL 976517, at *4 (D. Ariz. Apr. 9, 2009) (collecting cases). "District courts in this and other circuits dismiss cases with prejudice when they – like this case – involve claims regarding implausible government conspiracies[.]" *Foster v. Carter*, No. 3:16-CV-02336-LB, 2016 WL 7852472, at *3 (N.D. Cal. Dec. 1, 2016). Norman had an opportunity in which to file an opposition addressing Wilson's arguments as to the substantiality doctrine, but he did not file any opposition and instead submitted a range of filings, including a witness list and an appeal to the Ninth Circuit. *See* Dkt. Nos. 17, 21. Norman abandoned his opportunity to clarify his allegations. *See Miller v. Ford Motor Co.*, 620 F. Supp. 3d 1045, 1066 (E.D. Cal. 2022) ("[w]here a party fails to address arguments against a claim raised in a motion . . . , the claims are abandoned and dismissal is appropriate" (citation omitted)). The Court therefore dismisses Norman's Complaint for lack of subject matter jurisdiction under the substantiality doctrine.

Having determined that Norman's Complaint is subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, the Court lacks authority to reach other potential grounds for dismissal under Rule 12(b)(6), and the Court lacks authority to reach Norman's request for appointment of counsel. *See Cook*, 775 F.2d at 1035 (holding that once a court dismisses claims for lack of subject matter jurisdiction under the substantiality doctrine, the court retains "no power to make judgments relating to the merits of the case.").

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Wilson's motion to dismiss. The Court **DISMISSES** the Complaint for lack of subject matter jurisdiction. The Court does not reach the remaining arguments in favor of dismissal contained in Newsom and Bontas' motion, and it does not reach Norman's motion for appointment of counsel, which are **TERMINATED** as moot. However, despite the deficiencies in the Complaint, the Court cannot say at this stage that

United States District Court
Northern District of California

amending the Complaint would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Norman may still be able to allege sufficient facts to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Norman shall file an amended complaint by no later than November 13, 2026. Failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further leave to amend. In addition, Norman's amended complaint will be dismissed if he does not correct the deficiencies the Court has identified in this order.

**IT IS SO ORDERED.**

Dated: October 19, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**